UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
TAI L. FRANCE,

                  Plaintiff,                         **MEMORANDUM & ORDER**

          -against-                        25-CV-05658 (RER) (CHK)

MAYOR ERIC ADAMS; COMMISSIONER
EDWARD CABAN; CITY OF NEW YORK;
OFFICER BRANDON MARCH; OFFICER
BRIAN KALT,

                  Defendants.
-------------------------------------------------------x
**RAMON E. REYES, JR., District Judge.**

    *Pro se* plaintiff Tai L. France filed this action under 42 U.S.C. § 1983. The Court grants

plaintiff's request to proceed *in forma pauperis* ("IFP"). For the reasons stated below, the claims

against Mayor Eric Adams, former Police Commissioner Edward Caban, and the City of New

York are dismissed. The Plaintiff's claim for the use of excessive force by Police Officer Brandon

March and Officer Brian Kalt will proceed.

## Background

    Plaintiff asserts that on October 24, 2022, while she was standing in her doorway at 1544

Park Place, Brooklyn, New York, at approximately 8:58 p.m., Officers Brian Kalt and Brandon

March allegedly assaulted her, detained her and sent her for a psychological evaluation at Interfaith

Medical Center. (ECF No 1 at 5-6.) Plaintiff asserts that because of the alleged assault she suffered

physical injuries. Plaintiff seeks monetary damages.

## Standard of Review

    It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings

drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9

(1980). Courts are required to read *pro se* plaintiffs' complaints liberally and interpret them as

raising the strongest arguments they suggest. *Sealed Plaintiff v. Sealed Defendant* #1, 537 F.3d

185, 191–93 (2d Cir. 2008). At the pleadings stage, a court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010). A complaint must plead facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Under 28 U.S.C. § 1915(e)(2)(B), a court must dismiss an *in forma pauperis* complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." An action is frivolous as a matter of law when the claim is based on an "indisputably meritless legal theory"—that is, when it "lacks an arguable basis in law ... or [when] a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).

## Discussion

Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). To state a claim under § 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'" *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

### 1. Plaintiff's Claims Against the City of New York

Plaintiff asserts that the City of New York "maintained unconstitutional customs and policies" including fostering "a culture of impunity enabling unlawful detention and coercive

2

assessments." (ECF No 1 at 17.) To hold a municipality liable under Section 1983, "a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional" or other federal right." *Lucente v. Cnty. of Suffolk*, 980 F.3d 284, 297 (2d Cir. 2020) (quoting *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007)); *see also Frost v. N.Y.C. Police Dep't*, 980 F.3d 231, 257 (2d Cir. 2020); *Myftari v. Dept. of Fin.*, No. 23-CV-02558, 2023 WL 3628584, at *2 (E.D.N.Y. May 24, 2023).

There are several ways in which a plaintiff can demonstrate that an official policy or custom existed, including:

> (1) a formal policy which is officially endorsed by the municipality; (2) actions taken or decisions made by government officials responsible for establishing municipal policies which caused the alleged violation of the plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a 'custom or usage' and implies the constructive knowledge of policy-making officials; or (4) a failure by official policy-makers to properly train or supervise subordinates to such an extent that it amounts to deliberate indifference to the rights of those with whom municipal employees will come into contact.

*Williams v. Lohard*, No. 20-CV-10571, 2022 WL 269164, at *3 (S.D.N.Y. Jan. 28, 2022) (quoting *Chamberlain* v. *City of White Plains*, 986 F. Supp. 2d 363, 390 (2013). Here, France fails to identify an official policy of custom maintained that led to the alleged violation of her constitutional rights. *See, e.g., Oriental v. Vill. of Westbury*, No. 18-CV-03878, 2019 WL 4861413, at *4 (E.D.N.Y. Oct. 2, 2019) (dismissing *Monell* claim where there are no plausible facts to suggest the existence of a formal or widespread practice). Accordingly, plaintiff's claims against the City of New York are dismissed.

### 2. Plaintiff's Claims against Mayor Adams and Commissioner Caban

Plaintiff asserts that Mayor Adams and former Police Commissioner Caban, "through deliberate indifference fostered a system where unlawful detention, coerced psychological assessment and biased complaint handling went unchecked…" (ECF No 1 at 17.) "It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show ... the defendant's personal involvement in the alleged constitutional deprivation."

3

*Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013). To establish personal involvement, a plaintiff must plead that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 676); *Woolley v. Cnty. of Nassau*, No. 24-CV-01225, 2025 WL 1135463, at *3 (E.D.N.Y. Apr. 17, 2025).

Here, France fails to allege any factual allegations regarding Mayor Adams and former Commissioner Caban's personal involvement in any of the alleged violations asserted in the complaint. *See, e.g., Greene v. City of New York*, 773 F. Supp. 3d 94, 113 (S.D.N.Y. 2025) (dismissing claims against Mayor Adams and Commissioner Caban where the plaintiff failed to plausibly allege facts demonstrating that the defendants were personally involved in the alleged constitutional violation); *Ahmed v. City of New York*, No. 24-CV-01702, 2025 WL 934844, at *5 (S.D.N.Y. Mar. 27, 2025) (finding that Plaintiff makes insufficient factual allegations in the complaint to establish the personal involvement of Mayor Adams and Commissioner Caban in any of the alleged harms to Plaintiff). Accordingly, the claims against Mayor Adams and Commissioner Caban are dismissed.

### 3.  Plaintiff's Claims against Officers

Assuming Plaintiff's allegations to be true, Plaintiff alleges a plausible claim against Police Officer Brandon March and Police Officer Brian Kalt for the use of excessive force. This claim will proceed.

### Conclusion

Accordingly, it is:

Ordered that Plaintiff's complaint filed, *in forma pauperis*, is dismissed against Defendants the City of New York, Mayor Eric Adams, and former Police Commissioner Edward Caban. *See* 28 U.S.C. § 1915(e)(2)(B). No summons shall issue as to these Defendants; it is further,

Ordered that the Clerk of Court is directed to prepare a summons for Police Officer Brandon March and Police Officer Brian Kalt, alleged to be employed at the 77th Police Precinct, located at 127 Utica Avenue, Brooklyn, NY 11213; it is further,

Ordered that the United States Marshals Service serve this Order, the summons, and the complaint upon Police Officer Brandon March and Police Officer Brian Kalt without prepayment of fees; it is further,

Ordered that a courtesy copy of this Order and the complaint be sent to the Corporation Counsel for the City of New York, Special Federal Litigation Division.

The matter is referred to Magistrate Judge Clay H. Kaminsky for pretrial proceedings.

The Clerk of Court is respectfully directed to mail a copy of the Memorandum and Order to the Plaintiff and to note the mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status, is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Hon. Ramón E. Reyes, Jr.
Digitally signed by Hon. Ramón E. Reyes, Jr.
Date: 2025.10.15 14:26:24 -04'00'

RAMON E. REYES, JR.
United States District Judge

Dated: October 15, 2025
        Brooklyn, New York